(Pleito No. 9.—Fallado el 13 de Diciembre de 1899.)

### Santisteban contra Caballero.

Recurso interpuesto contra auto dictado por la extinguida Sección 2ª de la Corte Suprema.

Excepciones.—No será 'procedente dentro de la vía gubernativa una excepción á una demanda en que se solicite la decisión del Tribunal con respecto á la ley á que ha de someterse un acto gubernativo. Un auto que declara con lugar una excepción, es definitivo en cuanto pone fin á la solicitud del recurrente.

Certifico : Que en el recurso contencioso-administrativo promovido por Don Pedro Satisteban Chavarri, sobre revocación del auto dictado por la Sección 2ª de la extinguida Corte Suprema de Justicia, de diez de Junio último, ha recaído el siguiente :

### AUTO.

" Puerto Rico, trece de Diciembre de mil ochocientos noventa y nueve.—Resultando : Que otorgada á Don Anecto Caballero la concesión de la salina titulada "Monserrate" en el término de Salinas, barrio de Aguirre y sitio denominado "La Rosada", y expedido en 17 de Febrero de 1885 por el Gobernador General de esta Isla título de propiedad conforme á lo prescrito en el artículo 37 del Real Decreto de Minas de 15 de Enero de 1867 y el de 23 de Agosto 1868, de tres pertenencias mineras con las obligaciones generales que dicho título expresa, entre ellas, la de no suspender los trabajos de la salina con ánimo de abandonarla sin dar conocimiento, la de satisfacer canon de superficie y sus productos los impuestos establecidos y llenar todas las prescripciones que se contienen en los Reales Decretos antes citados y Reglamento para su ejecución.—Resultando: Que Don Pedro Santisteban en 17 de Noviembre de 1898 presentó escrito al Secretario de despacho de Fomento, acompañando el plano y la cantidad de ciento cincuenta pesos que á la vez consignaba, solicitando la declaración de caducidad de la concesión otorgada á Don Anecto Caballero con arreglo á la ley que regía en

su otorgamiento, y á la que dice está sujeta, dando al expediente la instrucción á fin de que en su día se le expida el correspondiente título de propiedad y admitida la instancia, ordenándose la inscripción en la forma que la ley determina, se ofició á la Secretaría de Hacienda para que admita el depósito de los ciento cincuenta pesos que la misma exige, figurando inscrita la instancia en el libro registro de minería.— Resultando : Que en dicha instancia se sostiene que la concesión de Don Anecto Caballero está sujeta á los Decretos y Reglamentos citados por no haberse acogido á la nueva ley de minas de 3 de Mayo de 1895, y con arreglo á aquélla está caduca la concesión por haber faltado, no sólo á las condiciones generales con que se le hiciera, si que al artículo 75 del Real Decreto de 15 de Enero de 1867, los 6º y 8º de la Real Orden de 23 de Agosto 1868, por no haber ejecutado obra alguna ni estar en explotación.—Resultando : Que tramitado el expediente gubernativo en la forma que en él consta, dictó el Secretario del Despacho de Fomento la resolución de 30 de Diciembre de 1898, disponiendo : 1º que la concesión hecha á Don Anecto Caballero debe regirse por la ley de Minas de 3 de Mayo de 1895 ; 2º que se oficie á la Secretaría de Hacienda para que le reclame el pago de lo que adeuda por cánones vencidos dándole un plazo improrrogable de quince días para que efectúe aquél : y 3º que si venciese el plazo sin que haya satisfecho los cánones vencidos, se proceda desde luego á decretar la caducidad.—Resultando : Que Don Pedro Santisteban, dirigido por el Letrado Don Hilario Cuevillas Hernández, presentó escrito ante la extinguida Sección 2ª de la Corte Suprema de Justicia acompañando la copia de la resolución que á aquél le fué entregada y refiere el resultando anterior, solicitando se tenga por interpuesto el recurso contencioso-administrativo contra ella, se reclame el expediente administrativo, y lo demás correspondiente, se proveyó por el Tribunal ordenando se reclamara el expediente, y publicara en la *Gaceta* haberse interpuesto dicho recurso á los efectos del artículo 36 de la ley de lo Contencioso.—

Resultando : Que á instancia del Letrado Don Hilario Cuevillas se le.tuvo por parte, se dispuso entregarle el expediente para formular la demanda, presentándola contra dicha resolución de la Secretaría de Fomento de 30 de Diciembre 1898, confirmada por el Honorable Sr. Mayor General, solicitando: 1º que se declare ser ineficaz é insostenible la resolución de la Secretaría de Fomento fecha 27 de Diciembre de 1898, confirmada por el Honorable Sr. Mayor General, y por tanto esta última resolución ; 2º que es nulo todo lo actuado en el expediente desde la notificación que se hizo á Don Anecto Caballero en nueve de Diciembre de 1898, no sólo por haberse admitido á éste como apoderado de Don Celso, sin la presentación del poder debidamente bastanteado por el Letrado, sino porque se ha admitido á gestionar persona que no tiene acreditado dominio sobre la propiedad salinera de que se trata ; y 3º que es también nulo todo lo actuado desde el punto referido porque se ha infringido abiertamente el procedimiento legal; 4º Y en todo caso que procede, declarar la caducidad de la concesión dictando todas las disposiciones correspondientes á esa declaración, en el primer caso con imposición de costas á sus causantes, de la nulidad y en segundo, caso á Don Anecto Caballero personalmente ; pidiendo por otrosí se dirigiera comunicación al Honorable Sr. Mayor General, á fin de que remita la parte del expediente á que la demanda se refiere, que contiene el recurso de alzada de Don Pedro Santisteban y la resolución correspondiente.—Resultando : Que el Tribunal tuvo por formalizada la demanda, ordenando se reclamara la parte del expediente administrativo y presentado por el Santisteban el recurso de alzada y la resolución del Honorable Mayor General que le ordena haga uso de su derecho ante la Suprema Corte de Justicia promoviendo el correspondiente juicio, se confirió traslado al Fiscal para que la contestara teniéndose por parte al Procurador Don José H. Boneta á nombre de Don Anecto y Don Celso Caballero, como coadyuvante de la Administración.—Resultando : Que el Ministerio Fiscal utilizando el

derecho del artículo 46 de la ley de lo contencioso propone
según su escrito dos excepciones dilatorias fundadas en que
la resolución que se recurre no ha causado estado y además
no vulnera ningún derecho establecido, por lo que es incom-
petente el Tribunal contencioso para conocer del asunto, de-
ben declararse con lugar las excepciones dilatorias y devol-
verse el expediente gubernativo á la Secretaría de Fomento
para su prosecución y demás efectos.—Resultando: Que con-
vocadas las partes á la vista y celebrada, el Tribunal dictó el
diez de Junio último auto declarando con lugar las excep-
ciones dilatorias propuestas por el Ministerio Fiscal y en su
consecuencia la Administración ni su coadyuvante tienen
obligación de contestar á la demanda, ordenándose la devo-
lución de los expedientes administrativos á las oficinas de
donde procedan, sin especial condena de costas.—Resultando:
Que interpuesto recurso de apelación contra el mencionado
auto y admitido en ambos efectos fueron elevados los autos
y expedientes administrativos á este Tribunal con citación
y emplazamiento de las partes, y personados y tramitado el
recurso, se señaló día para la vista con citación, sosteniendo
el Ministerio Fiscal, su coadyuvante la representación de
Caballero y la de Santisteban sus respectivas pretensiones.—
Considerando: Que dictada la resolución recurrida en 30 de
Diciembre de 1898 por la Secretaría de Fomento, que creó
en esta Isla la Constitución autonómica y confirmada por el
Honorable Sr. Mayor General al resolver el recurso de alzada
contra ella interpuesto por Santisteban causa estado dicha
resolución por no ser susceptible de otro recurso en la vía
gubernativa, y por que aún considerándola como de trámite,
decide directamente el fondo del asunto como así lo determi-
na el artículo 2.º de la Ley y 3.º y 5.º del Reglamento por
hacer imposible su continuación toda vez que ha puesto tér-
mino á la solicitud del recurrente.—Considerando: Que la
resolución declara que la concesión hecha á Don Anecto Ca-
ballero debe regirse por la Ley de Minas de 3 de Mayo de
1895 y sosteniendo Santisteban desde su petición gubernati-

va que se admitió y registró, no lo está á esa legislación y sí á las que regían al hacerle la concesión al demandado, debiendo declararse en su día y en su vía contencioso-administrativa si debe aplicarse ésta ó aquélla, no es posible negar vulnera la resolución ese derecho establecido anteriormente en favor del recurrente por una ley-reglamento y preceptos administrativos, caso previsto en el artículo 2º citado de la Ley.—Considerando: Que solicitada en la demanda la caducidad de la concesión que es otro de los extremos pedidos en el expediente gubernativo, hay que decidir en definitiva si es ó no procedente la pretensión de Santisteban y la resolución reclamada la niega por que haciendo depender del pago de lo adeudado por Caballero el derecho reclamado, es evidente se ha podido vulnerar un derecho administrativo al recurrente, en el caso que esa concesión no se haya ajustado á las leyes vigentes en la materia que es lo que constituye la cuestión de fondo del litigio y en el trámite que el asunto se encuentra, cabe hacer de la posibilidad de ese derecho se entienda que en la resolución reclamada concurren los requisitos 1º y 3º del artículo 1º de la Ley de lo Contencioso-administrativo.—Vistos los artículos citados, el 46 de dicha Ley y los 127 y 133 del Reglamento,—Se declara improcedente la excepción dilatoria de incompetencia propuesta por el Ministerio fiscal fundada en el artículo 46 de la Ley de lo Contencioso-administrativo en consonancia con los casos 1º y 3º del artículo 1º sin especial condena de costas y devuélvanse los autos y expedientes gubernativos al Tribunal del Distrito para que emplace á las partes por término de quince días á fin de que contesten á la demanda, publicándose esta resolución en la *Gaceta* como determina el artículo 133 del Reglamento.—Así lo acordaron los Sres. del margen y lo firman, de que yo, el Secretario, certifico.

José S. Quiñones.—José C. Hernández.—Juan Morera Martínez.—El Juez Don Luis de Ealo, votó y no pudo firmar, José S. Quiñones.—Juan Hernández López.—E. de J. López Gaztambide, *Secretario.*